**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ricardo Marviance Thornton,

          Plaintiff,

    v.

LVMPD,

          Defendant.

Case No. 2:25-cv-01999-GMN-DJA

**Order**

Under 28 U.S.C. § 1915 incarcerated Plaintiff Ricardo Marviance Thornton is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint (ECF No. 1-1) and has moved for a status check (ECF No. 4) and for appointment of counsel (ECF No. 6). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis.* However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts to support his federal claims and does not establish this Court's jurisdiction over his state claim, it dismisses the complaint with leave to amend. Because the Court addresses Plaintiff's application and screens his complaint, the Court denies his motion for a status check regarding those items as moot. Because Plaintiff has not demonstrated exceptional circumstances, the Court denies his motion for appointment of counsel without prejudice.

**I.**     *In forma pauperis* **application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiff sues the Las Vegas Metropolitan Police Department ("LVMPD") for damages, alleging violation of his Fourth Amendment rights, civil rights, the United States Constitution, and the Nevada Constitution. In his single cause of action, Plaintiff checks the box for "other" and writes "false arrest/false imprisonment." Plaintiff does not identify the provisions of the United States or Nevada Constitutions under which he brings his claims or the civil rights he asserts that the LVMPD violated. The Court liberally construes Plaintiff's complaint as bringing the following claims: (1) false arrest in violation of the Fourth Amendment; (2) racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) false imprisonment under Nevada law.

Plaintiff alleges that on May 29, 2025, he was pulled over by an LVMPD officer who asked for his license, registration, and insurance. As Plaintiff reached for those items, before he could provide them, the officer told him to get out of the car. Plaintiff asked why he was pulled over and the officer said it was because Plaintiff had run a stop sign. Plaintiff asserts that he instantly knew he was being racially profiled. The officer walked Plaintiff to the police vehicle and searched his pockets. The officer found Plaintiff's wife's debit cards and Plaintiff informed

the officer that the cards belonged to his wife and that she had given them to him so that he could pick up groceries and dog food.  Plaintiff then called his wife on the phone using Siri (a virtual assistant on Apple iPhones that can be voice activated) and his wife answered, but the officer hung up the call and would not let Plaintiff verify his story.  Plaintiff asserts that the officer heard his wife say hello, but would not speak to her.  The officer then arrested Plaintiff by putting him in handcuffs and also impounded Plaintiff's car.  The officer transported Plaintiff to the Clark County Detention Center ("CCDC").  Plaintiff was charged with obtaining credit/debit cards without owner consent and, as a result at the time of his complaint, claimed to still be in custody on an illegal probation hold.[1]  Plaintiff asserts that the District Attorney denied the charge when Plaintiff's wife came to court to prove that the debit cards belonged to her and that she had given Plaintiff permission to use them.  Because of Plaintiff's incarceration his pregnant wife was evicted from their home and Plaintiff is unable to be with her.

### *A.     False arrest.*

A claim for unlawful arrest is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment, provided that the arrest was without probable cause or other justification. *Dubner v. City of S.F.*, 266 F.3d 959, 964-65 (9th Cir. 2001).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Plaintiff seeks to hold LVMPD liable for its officer's actions under federal law. Generally, however, municipalities are not liable under § 1983 unless the "municipality *itself* causes the constitutional violation at issue."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).  In *Monell v. Department of Social Services*, the Supreme Court held that liability extends to a local government only when the constitutional violation was the

---

[1] Public records reveal that Defendant is currently in custody of the Nevada Department of Corrections ("NDOC") serving a sentence for a different crime.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (explaining that a court make take judicial notice of matters of public record).

result of its policy, practice, or custom, or a decision-making official directed or ratified the complained-of conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, to succeed on a *Monell* claim, a plaintiff must show that the policy or lack thereof caused his injury. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997).

A plaintiff may bring a *Monell* claim under a theory of omission when a municipality's oversight amounts to deliberate indifference to a constitutional right. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). For an omission-based *Monell* claim like failure to train or supervise, a plaintiff must show, among other things, "that the municipality had a policy" that " 'amounts to deliberate indifference' to [his] constitutional right." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton*, 489 U.S at 389–91). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation omitted). A plaintiff can establish deliberate indifference by demonstrating that either "[a] pattern of similar constitutional violations by untrained employees" exists or "the unconstitutional consequences of failing to train" are "so patently obvious that a city could be liable ... without proof of a pre-existing pattern of violations." *Id.* at 62–64 (quotation omitted). The latter showing, called "single-incident liability," is "rare" and occurs only "in a narrow range of circumstances." *Id.*

Here, Plaintiff sues LVMPD for the actions of its officer but does not allege that LVMPD *itself* caused the constitutional violation at issue. Plaintiff has not alleged that the constitutional violation was the result of LVMPD's policy, practice, or custom, or that a decision-making official directed or ratified the complained-of conduct. The Court therefore dismisses this claim without prejudice and with leave to amend.

### B.  *Racial profiling.*

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *Thomas v. Melendez*, No. 1:16-cv-01759-LJO-JLT, 2016 WL 7116720 at *3 (E.D. Cal. Dec. 7, 2016) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996) and *James v. City of*

*Seattle*, No. C10-1612-JLR, 2011 WL 6150567, at \*13 (W.D. Wash. Dec. 12, 2011)).  To state a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Here, Plaintiff's claim for racial profiling fails on two grounds.  First, Plaintiff has not alleged that the constitutional violation was the result of LVMPD's policy, practice, or custom, or that a decision-making official directed or ratified the complained-of conduct.  Second, Plaintiff has not alleged any facts to support his claim that the officer racially profiled him other than his conclusory statement.  So, the Court dismisses this claim without prejudice and with leave to amend.

### C.    False imprisonment.

False imprisonment is a claim arising under Nevada law.  *See Toliver v. Soles*, No. 2:17-cv-02612-MMD-CWH, 2019 WL 3311745, at \*3 (D. Nev. June 5, 2019).  To assert a false imprisonment claim in Nevada, the plaintiff must prove (1) the defendant acted intending to confine plaintiff within boundaries fixed by the defendant; (2) the defendant's act directly resulted in such a confinement of the plaintiff; and (3) the plaintiff is conscious of the confinement or was harmed by it.  *See Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981).  An employer may be liable for the actions of its employee—called "respondeat superior" liability"—only when the employee is under the control of the employer and when the act is within the scope of employment.  *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1223 (Nev. 1996).

Here, the Court has dismissed both of Plaintiff's federal claims.  So, it lacks federal question jurisdiction over this case.  *See* 28 U.S.C. § 1331.  The Court also lacks diversity jurisdiction over the case because Plaintiff has not presented facts to show that he is a citizen of a different state than LVMPD.  *See* 28 U.S.C. § 1332.  So, the Court lacks original jurisdiction over Plaintiff's state law claim.  It therefore dismisses that claim without prejudice and with leave to amend.

**IV.     Plaintiff's motion for appointment of counsel.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.*  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

Here, Plaintiff's case has not yet passed screening, so it is unclear whether it will succeed on its merits.  Additionally, although the case has not yet passed screening, Plaintiff has otherwise demonstrated an ability to articulate his claims and has been given an opportunity to amend his complaint to address the issues for which the Court has dismissed it.  The Court therefore denies his motion for appointment of counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff will not be required to pay an initial installment fee.  Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections[2] will forward payments from the account of **Ricardo Marviance Thornton #1122352** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

---

[2] Because Plaintiff is now in NDOC custody, the Court will direct payments to come from his account with NDOC, not the CCDC.

exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 29, 2026,** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a status check (ECF No. 4) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 6) is **denied without prejudice.**

DATED: April 29, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE